## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

JOSEPH M. EADS,

          Plaintiff,

v.                                              CIVIL ACTION NO.  2:08-cv-00937

ROBERT CASTLE, et al.,

          Defendants.

### ORDER

Pending before the court is the defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [Docket 11].  Pursuant to a 28 U.S.C. § 636(b)(1)(B) and a Standing Order, this civil case, including the above motion, was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition. On June 15, 2009, the Magistrate Judge submitted proposed findings and recommendations. On July 10, 2009, the plaintiff filed timely objections to the proposed findings and recommendations ("PF&R") [Docket 29].

The plaintiff objected to two findings in Magistrate Judge Stanley's PF&R [Docket 33]. First, as to the plaintiff's claim seeking monetary damages against each defendant in their official capacities, Magistrate Judge Stanley proposed that the defendants be found "immune from suit under the Eleventh Amendment to the United States Constitution, and that the defendants are entitled to judgment as a matter of law on [the p]laintiff's claims brought against them in their official capacities."  The plaintiff objects to this proposed finding, citing *Hafer v. Malo*, 502 U.S. 21 (1991)

for the proposition that "State officials may be held personally liable for damages under § 1983 based upon actions taken in their official capacities." (Pl.'s Objections 2.) Second, as to the plaintiff's supervisory liability claims, Magistrate Judge Stanley proposed that I find "that additional proceedings are necessary to evaluate these claims" because the defendants' motion failed to address the claims. The plaintiff objects to this proposed finding, asserting that there is a genuine issue of material fact and that the defendants are not entitled to summary judgment. I will review the portion of the PF&R to which the plaintiff objects *de novo*.

The plaintiff's objection on the Eleventh Amendment finding is misplaced. As Magistrate Judge Stanley noted, the law treats actions against state officials differently depending on whether they are sued in their official or individual capacities. (PF&R 12.) In this case, the plaintiff seeks monetary damages "against each Defendant in his/her individual and/or official capacity." (*Id.*) Accordingly, Magistrate Judge Stanley correctly treated the Complaint as making claims against all defendants in both their individual and official capacities. The portion of the PF&R that the plaintiff first objects to only addresses the plaintiff's claims against the defendants in their official capacities. As Magistrate Judge Stanley noted, a claim against state officials in their official capacity seeking only monetary damages is barred by the Eleventh Amendment. (*Id.* at 12-13.) This does not mean, however, that the plaintiff cannot recover damages from the defendants sued in their personal capacities for actions taken while those defendants were working for the Government. Practically speaking, the plaintiff's objection seeks to ensure he can still pursue monetary claims against the defendants for actions they took during official work time. The plaintiffs may seek such damages, but the law requires that the defendants be sued in their individual capacities, even where the actions took place while the defendants were working for the state. Furthermore, because the plaintiff is

seeking such damages against the defendants in their individual capacity, this objection is misplaced. Accordingly, the plaintiff's first objection is overruled.

The plaintiff's second objection seeks a finding that denies the defendants' motion for summary judgment on the plaintiff's supervisory liability claims. Magistrate Judge Stanley's PF&R does exactly that. The plaintiff apparently seeks a ruling from this court that the defendants Motion to Dismiss, or in the Alternative, for Summary Judgment not only be denied, but that the court also preclude the defendants from filing any future motions for summary judgment. I will not take such action. Accordingly, the plaintiff's second objection is overruled.

I have reviewed *de novo* those portions of the PF&R to which the plaintiff objects. For reasons set forth above, the court **ADOPTS** the Magistrate Judge's proposed findings. Accordingly, the defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment is **DENIED**. I **DIRECT** that the matter remain referred to Magistrate Judge Stanley for discovery and further proceedings.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 28, 2009

Joseph R. Goodwin, Chief Judge